IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUMITECH INTELLECTUAL PROPERTY, LLC, | ) ) ) |
| Plaintiff, | ) ) Case No. 2:20-cv-04399-JDW |
| v. | ) ) ) |
| IKEA NORTH AMERICAN SERVICES, LLC, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM**

Lawsuits are not insurance policies. Litigants cannot file them and keep them in their back pocket in case of a problem. Instead, lawsuits are a mechanism to resolve actual, live disputes. Lumitech Intellectual Property, LLC had a live dispute with Ikea Supply AG and Ikea US Retail, LLC, but the parties settled so there's no live dispute. Now, with some uncertainty about the status of the settlement, Lumitech has asked this Court to vacate the dismissal of this case and permit Lumitech to enforce its settlement agreement against Ikea Supply, Ikea US Retail, and various other Ikea entities from around the world. There are two problems with Lumitech's request, though.

*First*, Lumitech's request does not fall within the scope of Local Rule 41.1(b). That rule permits a Court, upon "cause shown," to vacate, modify, or strike from the record an order of dismissal. The effect of such a ruling would be to restore the parties to their pre-dismissal posture. In this case, that would mean that Lumitech would be asserting patent infringement claims against Ikea Supply and Ikea US Retail. But Lumitech does not want to return to that posture. Instead, it wants to reinstate the case

so that it can "enforce the settlement agreement" that it claims it has with Ikea Supply, Ikea US Retail, and their foreign affiliates (who are not parties to the case). (ECF No. 46-1 at 2.) Because Lumitech is not trying to reopen the case that existed before the Court dismissed it, Local Rule 41.1(b) does not apply. But the Court does not have inherent authority to enforce the settlement agreement, so Lumitech cannot put that dispute before the Court. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377–78 (1994).

*Second*, there is no dispute for Lumitech to reinstate. In its motion, Lumitech acknowledges that it doesn't know if it has a dispute with Ikea Supply and Ikea US Retail. When Lumitech filed this Motion, it had received signed versions of the settlement agreement from the Ikea entities. But Lumitech's counsel had not yet received a return call from the entities' counsel to discuss "the status of settlement." (ECF No. 46-1 at 2.) An unanswered question is not the same as having a live dispute under Article III, and nothing in Lumitech's motion shows there to be a live dispute.

Because Lumitech has not shown that there is a live dispute about its settlement with Ikea Supply and Ikea US Retail or that this Court has the power to enforce that settlement in any event, Lumitech has not shown the cause that Local Rule 41.1(b) requires to revisit an order of dismissal. The Court will therefore deny Lumitech's Motion.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
Hon. Joshua D. Wolson
United States District Judge

March 16, 2022